# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE STEWART, | CASE NO. 1:12-cv-00093 GSA PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| WARDEN HARRISON, et al., | |
| Defendants. | |

## I.  Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).  This action proceeds on the September 4, 2012, first amended complaint, filed in response to the July 27, 2012, order dismissing the original complaint with leave to amend.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

## II.   Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil rights action against the Warden at Kern Valley State Prison, Governor Brown and the Mayor of Delano. In the original complaint, Plaintiff set forth his statement of claim as follows:

> There is arsenic inside of the drinking water here at Kern Valley State Prison. This violates the Eighth Amendment, the Fourteenth Amendment & as well as the Fifth Amendment. The arsenic causes cancer & skin rash; I don't want either one. There is a very high amount of the arsenic inside the drinking water.

### A.   Eighth Amendment

Under Foster v. Runnels, 554 F.3d 807 (9th Cir. 2009), an inmate seeking to prove an Eighth Amendment violation must "objectively show that he was deprived of something 'sufficiently serious,' and "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Id. at 812 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The second step, showing "deliberate indifference," involves a two part inquiry. First, the inmate must show that the prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety. Farmer, 511 U.S. at 837. This part of our inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious. See id. at 842. ("[A] factfinder may conclude that a prison official knew of a substantial risk [to a prisoner's health] from the very fact that the risk was obvious").

In the order dismissing the original complaint, the Court noted that Plaintiff had failed to allege facts as to any individual defendant. The only named defendant in the original complaint was the Warden at KVSP. In the first amended complaint, Plaintiff sets forth several pages of factual allegation, but fails to charge any individual defendant with any specific conduct. Plaintiff levels the conclusory allegation that defendants knew of and disregarded a serious risk to Plaintiff's health. The crux of Plaintiff's claim is that arsenic is present in the drinking water. Plaintiff appears to claim that defendants are liable on the ground that arsenic is, and has been, present in the drinking water.

As noted, however, Plaintiff must allege facts indicating that each defendant knew of and

disregarded a serious risk to Plaintiff's health or safety, resulting in injury to Plaintiff. Plaintiff's exhibits attached to the first amended complaint preclude such a claim.[1] Plaintiff's Exhibit A is a copy of a notice sent to inmates from the warden regarding the presence of arsenic in the drinking water supply. The notice, dated April 1, 2010, indicates that the KVSP water system recently violated a drinking water standard. Specifically, the notice indicates that "the running annual average for wells 1 and 2 is 0.012/g/L and 0.018 mg/L respectively. This is above the USEPA standard or maximum contaminant level (MCL) of 0.010 mg/L."

The notice indicated that the situation was not an emergency, and that "some people who drink water containing arsenic in excess of the MCL over many years may experience skin damage or circulatory system problems, and may have an increased risk to getting cancer." While the notice does refer to serious symptoms, it does indicate that <u>some</u> people <u>may</u> experience problems <u>over many years</u>. The notice further indicates that KVSP is working to construct and install an arsenic treatment system, anticipating resolution of the problem by June of 2010.

Plaintiff also attaches a copy of the response to his inmate grievance at the third level of appeal. The response indicates that although the drinking water has contaminants, the level found is not high enough to constitute an emergency. The grievance indicates that the arsenic treatment system is projected for completion in November of 2012. The response also indicates that Plaintiff has, and will continue to be, notified in accordance with the United States Environmental Protection Agency Public Notification Rule, and that an alternative water supply is not required for this issue.

Simply put, Plaintiff alleges that the presence of arsenic in the drinking water constitutes an Eighth Amendment violation. However, Plaintiff's own exhibits indicate that the presence of arsenic, of itself, does not constitute an emergency. The violation of a regulatory standard does not, *a fortiori,* constitute an Eighth Amendment violation. Although the prison has yet to complete an arsenic treatment system, they are continuing to monitor arsenic levels. There are no facts alleged to support Plaintiff's conclusory allegation that defendants have acted with deliberate indifference

---

[1] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002); <u>Steckman v. Hart Brewing</u>, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

to a serious risk to Plaintiff's health or safety. There are no facts alleged indicating a serious risk, and no facts alleged indicating that defendants are not responding to the increased levels of arsenic.

### III.  Conclusion and Order

Liberally construed, the first amended complaint alleges that the level of arsenic in the water exceeded regulatory standards by, at most, .08 mg/L. The first amended complaint also alleges facts indicating that this does not constitute an emergency and that defendants are responding to the situation. Because Plaintiff has not alleged facts to support his conclusory allegations that defendants knew of and disregarded a serious risk to Plaintiff's health, the Court dismisses the claims made in the first amended complaint with prejudice for failure to state a federal claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief can be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 3, 2012**                          **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE